Julie K. Lutz, Esq.
Elizabeth Krupa, Esq.
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1801 California St., Suite 1500
Denver, CO 80202-2656
(303) 844-1000
FAX: (303) 844-1068

United States Courts
Southern District of Texas
FILED

NOV 9 2004

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OSF, Inc.<br>Lloyd P. Broussard<br>Winfred Fields<br>Monyette R. Preciado<br>Raven Interests, Inc. and<br>Tenn-Stone, Inc.,<br><br>Defendants. | Civil Action No.<br><br>**H-04-4291** |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint alleges as follows:

### SUMMARY

1. This is a governmental enforcement action seeking injunctive and other relief based upon violations of the antifraud and securities registration provisions of the federal securities laws.

The case involves the dissemination of false information by defendant OSF, Inc. ("OSF"), its chief executive officer, defendant Lloyd P. Broussard, ("Broussard"), and its chief financial officer, defendant Winfred Fields ("Fields"), for the purpose of facilitating an illegal distribution of more than 22.2 million OSF shares to the public between August 2003 and June 2004. Fields, and two corporate entities that he and Broussard controlled, defendants Raven Interests, Inc. ("Raven") and Tenn-Stone, Inc. ("Tenn-Stone") (collectively, the "Controlled Entities") sold the unregistered OSF stock, which had previously been purchased from OSF in exchange for promissory notes.

2. To facilitate the distribution, Broussard and Fields issued a series of false and misleading press releases between June and September 2003 concerning OSF's purported business relationships with third parties, corporate revenues, and purportedly imminent NASDAQ listing. In furtherance of the scheme, Broussard and Fields also arranged for the dissemination of numerous unsolicited faxes and spam e-mails to prospective investors, which republished certain of the false and misleading press releases. While this information was being disseminated, the Controlled Entities, which were nominally owned by Broussard's daughter, Monyette R. Preciado ("Preciado"), and Fields sold a substantial amount of OSF stock into the public market. The resulting proceeds were used to finance OSF's operating expenses and for the personal benefit of Broussard, Fields, and Preciado.

3. The Commission, in the interest of protecting the public from any further illegal activity, brings this action against the defendants, seeking preliminary and permanent injunctive relief, disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties. As to defendants Broussard, Fields and Preciado, the Commission additionally seeks penny stock bars. As

to defendants Broussard and Fields, the Commission additionally seeks an order barring each from serving as an officer or director of any public company.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v (a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. In connection with the acts, practices, and courses of business described in this Complaint, each of the Defendants, directly or indirectly, has made use of the means or instrumentalities of interstate commerce or of the mails. Venue is proper because some of the acts, practices and courses of business described in this Complaint occurred within the jurisdiction of the Southern District of Texas, defendant OSF is located in this jurisdiction, and defendants Broussard, Fields and Preciado reside in this district.

## DEFENDANTS

5. **OSF, Inc**. (f/k/a Chicken Kitchen Corp.) is a Delaware corporation with headquarters in Houston, Texas. OSF operates as a holding company with subsidiaries engaged in mortgage lending, healthcare and boxing promotion. OSF's stock is publicly held and is quoted in the electronic quotation service operated by the Pink Sheets, LLC. In May 2003, the company engaged in a reverse merger with a privately held Texas corporation owned by Broussard and Fields, and changed its name to OSF.

6. **Lloyd P. Broussard** resides in Houston, Texas. He has been OSF's chief executive officer since May 2003. Broussard is also the chief executive of OSF's mortgage lending subsidiary, OSF Financial Services, Inc.

7. **Winfred Fields** resides in Houston, Texas. He has been OSF's chief financial officer

3

since May 2003.

8.  **Monyette R. Preciado** lives in Houston, Texas and is Broussard's daughter. She is an employee of OSF Financial Services, Inc.

9.  **Raven, Interests, Inc.** is a Colorado corporation of which Preciado is the president and sole owner. It is not registered with the Commission in any capacity and its stock is not publicly traded.

10. **Tenn-Stone, Inc.** is a Delaware corporation of which Preciado is the president and sole owner. It is not registered with the Commission in any capacity and its stock is not publicly traded.

## FACTUAL BACKGROUND

### A.  Stock Distribution Scheme

11. On May 16, 2003, OSF had approximately 270,000 shares outstanding following a 100-1 reverse stock split. By April 21, 2004, OSF's outstanding shares exceeded 84 million, due in part to a partially executed capital-raising scheme formulated by Broussard and Fields, which was initiated in May 2003. Under the scheme, OSF issued nearly 46 million purportedly "free trading" shares of its stock (worth as much as $13.9 million if valued at contemporaneous market prices) to the Controlled Entities and an entity owned by Field's brother-in-law, who acted as Fields' nominee. The stock was issued in exchange for promissory notes, which were intended to be satisfied using proceeds from subsequent sales of the OSF stock. No registration statement was filed with the Commission with respect to the issuance of these shares.

12. Following the issuance of the stock, Preciado, through the Controlled Entities, and Fields, through his brother-in-law's entity, ordered the sale of approximately 22.2 million of these

shares through open-market transactions between August 25, 2003 and June 21, 2004, at prices between $.01 and $.31 per share, for total proceeds of approximately $531,238. The proceeds were used to fund OSF's ongoing operating losses, or were used by, or for the personal benefit of, Broussard, Fields, or Preciado. No registration statement was filed with the Commission with respect to these sales of stock.

**B.      Fraudulent Publicity Campaign:  Press Releases, Junk Faxes and Spam E-Mails**

13.     To facilitate the illegal distribution of OSF stock, OSF issued eight press releases between June and September 2003. Fields wrote all but one of the releases, which was written by Broussard. Broussard reviewed and approved a majority of the releases prior to their dissemination. Further, Broussard and Fields hired two promoters to tout OSF stock in return for 3.35 million shares of OSF stock. One of the promoters wrote several slightly different versions of a promotional profile touting OSF stock, which incorporated statements in OSF's prior press releases. Broussard reviewed and approved one of the versions of the profile. The promoters then arranged for the dissemination of the profile to members of the public through unsolicited "junk mail" faxes and spam e-mails between at least August 2003 and January 2004.

14,     Certain of the press releases, faxes and e-mails resulted in increases in the market price of OSF stock. For example, junk faxes disseminated between September 18 and 26, 2003 caused the closing price of OSF stock to increase by 250% from $.10 to $.35 per share. These materials also resulted in volume increases. On 14 of the 23 dates (or ranges of dates) on which these materials were disseminated, reported volume increased by between 8% and 9,060%, averaging 1,203%.

15. In connection with the unregistered distribution of OSF stock set forth above, OSF, Broussard and Fields disseminated false and misleading statements, as set forth below.

1. **Third Party Business Relationships**

16. OSF made false statements about its business relationships with third parties. Three of the releases, and the promotional profile, stated that OSF had signed a letter of intent to enter into a $400 million contract to purchase an equity position in a privately held company, United Medical Group, Inc. ("UMG"), or that the parties had entered into such a contract or agreement. One of the releases, and the profile, further stated that one of OSF's subsidiaries had paid $20 million to UMG in return for the equity position. These statements were false, because no contract or agreement existed, and neither OSF nor its subsidiaries paid $20 million to UMG. Further, the statements about a letter of intent were misleading. Although such a letter existed, it stated that entering into a binding contract was contingent on OSF's ability to pay $20 million to UMG, which OSF did not possess, and as to which there were no enforceable obligations. Neither the releases nor the profile disclosed this contingency.

17. An OSF release and the promotional profile stated that OSF was "currently pursuing" prominent boxer Roy Jones Jr. for a "three-fight deal." This statement was false and misleading because OSF never contacted Jones or any of his representatives. Although an employee of OSF had discussions about promoting a fight involving Jones, these discussions were with an individual who, according to Jones' attorney, did not represent Jones in any capacity. Indeed, on October 8, 2003, Jones' attorney wrote a letter directing OSF to cease and desist from using Jones' name. However, OSF, Broussard and Fields failed to take any action to correct or withdraw the false and misleading release and promotional profile.

6

18. Broussard and Fields acted with scienter in making these statements. Both knew that OSF could not provide, and had not in fact provided, the $20 million needed to consummate the proposed transaction with UMG. Further, Broussard knew, and Fields was at least reckless in not knowing, that no contract with UMG existed, given that OSF had signed only a letter of intent. Moreover, at a minimum, Broussard and Fields were reckless in stating that OSF was pursuing a business relationship with Jones, since they did not seek to verify that the individual with whom their employee had spoken in fact represented Jones.

### 2. Revenues

19. OSF, Broussard and Fields also misrepresented OSF's historical revenues. Two OSF releases, and the promotional profile, stated that OSF's mortgage lending subsidiary had realized more than $6.2 million in revenues during the first six months of 2003, which represented an increase of up to 121% increase over its revenues from the first six months of 2002. These statements were false because the $6.2 million figure cited in the releases was derived from loan value rather than actual revenues. Both Broussard and Fields were aware of this fact, and therefore were at least reckless in making this statement. Indeed, in October 2003, Fields admitted to an employee of the National Association of Securities Dealers that the statement was inaccurate, and agreed to take corrective action. However, However, OSF, Broussard and Fields failed to take any action to correct or withdraw the false and misleading releases and promotional profile.

### 3. NASDAQ Listing

20. OSF made false statements about imminent Nasdaq listing. Two of the releases, and the profile, stated that OSF had retained an audit firm for the purpose of enabling OSF to obtain NASDAQ listing, or that OSF was moving towards applying for such listing. These statements were

false. Although the auditing firm had previously audited the financial statements of an OSF subsidiary, OSF had not retained that or any other firm to audit its consolidated financial statements. Further, OSF did not qualify for Nasdaq listing because, among other reasons, the company lacked audited financial statements. Moreover, OSF never applied for such listing. At a minimum, Broussard and Field acted recklessly in making these statements since there was no basis for believing that OSF had retained an audit firm, both knew that OSF needed to have audited financial statements to qualify for Nasdaq listing, and both knew that no application for such listing had been filed.

## FIRST CLAIM FOR RELIEF

**[VIOLATIONS BY DEFENDANTS OSF, BROUSSARD, AND FIELDS OF SECTION 17(A) OF THE SECURITIES ACT AND SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER (15 U.S.C. §77q (a) and 15 U.S.C. §§ 78j (b)]**

21. Paragraphs 1 through 20 are hereby realleged and incorporated by reference.

22. Defendants OSF, Broussard and Fields, directly and indirectly, with scienter, in the offer or sale and in connection with the purchase or sale of OSF securities, by use of the means or instrumentalities of interstate commerce or by use of the mails, have employed devices, schemes, or artifices to defraud; have made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or have engaged in acts, practices, or courses of business which have been and are operating as a fraud or deceit upon the purchasers or sellers of such securities.

8

23. By reason of the foregoing, Defendants OSF, Broussard and Fields violated and unless restrained and enjoined will continue to violate Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## SECOND CLAIM FOR RELIEF

### [VIOLATIONS BY DEFENDANTS OSF, BROUSSARD, FIELDS, PRECIADO, RAVEN AND TENN-STONE OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT ([15 U.S.C. §§ 77e (a) and 77e(c)]

24. Paragraphs 1 through 20 are hereby realleged and incorporated by reference.

25. From at least August 2003 to June 2004, defendants OSF, Broussard, Fields, Preciado, Raven and Tenn-Stone, directly and indirectly, made use of the means or instruments of transportation and communication in interstate commerce and of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, OSF securities.

26. At the time of such offers and sales, no registration statements had been filed with the Commission or were otherwise in effect with respect to the OSF stock offered and sold by the defendants.

27. By reason of the foregoing, defendants OSF, Broussard, Fields, Preciado, Raven and Tenn-Stone have violated and unless restrained and enjoined will continue to violate Sections 5(a) and 5(c) of the Securities Act.

## RELIEF REQUESTED

The Commission requests that the Court:

1. Enter an order against Defendants OSF, Broussard and Fields, preliminarily and permanently enjoining them from violating Sections 5(a), 5(c), and 17(a) of the Securities Act and

Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

2. Enter an order against Defendants Preciado, Raven and Tenn-Stone, preliminarily and permanently enjoining them from violating Sections 5(a) and 5(c) of the Securities Act;

3. Order defendants OSF, Broussard, Fields, Preciado, Raven and Tenn-Stone to account for and disgorge all ill-gotten gains received and any benefits in any form derived from the illegal conduct alleged in this Complaint, plus pre- and post-judgment interest;

4. Order defendants OSF, Broussard and Fields to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)] in an amount to be determined by the Court;

5. Order defendants Preciado, Raven and Tenn-stone to pay civil penalties pursuant to Section 20(d) of the Securities Act in an amount to be determined by the Court;

6. Enter an order barring defendants Broussard and Fields from serving as officers or directors of any publicly held company pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)];

7. Enter an order barring defendants Broussard, Fields and Preciado from participating in any offering of penny stock pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)]; and

8. Order such other and further relief as the Commission may show itself entitled.

DATED: November 9, 2004

Respectfully submitted,

_____
Julie K. Lutz
Elizabeth Krupa
Attorneys for Plaintiff

11

JS 44 (3/99)
(Rev. 3/99)

# CIVIL COVER SHEET - 04-4291

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM).

**I.(a) PLAINTIFFS**
US Securities and Exchange Commission

United States Courts
Southern District of Texas
FILED
NOV 9 2004
Michael N. Milby, Clerk of Court

**DEFENDANTS**
OSF, Inc., Raven Interests, Inc., Tenn-Stone, Inc., Lloyd P. Broussard, Winfred Fields, Monyette R. Preciado

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Harris
(IN U S PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION TRACT OF LAND INVOLVED

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Julie K. Lutz 303-844-1000
US Securities and Exchange Commission
1801 California St, Suite 1500; Denver, CO 80202-2656

**ATTORNEYS (IF KNOWN)**
Augustin Pink, Walter Pink & Assoc. (713) 664-6652
2646 S. Loop W. #195; Houston, TX 77054
Robert Axelrod, Axelrod, Smith & Kirshbaum (712) 861-1996
5300 Memorial Dr. # 700, Houston, TX 77007-8292

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☒ 1 U.S. GOVERNMENT PLAINTIFF
☐ 2 U.S. GOVERNMENT DEFENDANT
☐ 3 FEDERAL QUESTION (U.S. Government Not a Party)
☐ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food and Drug | ☐ 423 Withdrawl 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage – Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 780 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease and Ejectment | ☐ 443 Housing/Accomodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Order | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prisoner Conditions | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding ☐ Removal from State Court ☐ Remanded from Appellate Court ☐ Reinstated or Reopened ☐ Transfer from another district (specify) ☐ Multidistrict Litigation ☐ Appeal to District Judge from Mag. Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
15 U.S.C. §77q(a); 15 U.S.C. §§ 78j(b); 15 U.S.C. §§ 77e(a); 77e(c) - violations of the antifraud and securities registration provisions of the federal securities laws

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (SEE INSTRUCTIONS)    JUDGE _____    DOCKET NUMBER _____

DATE 11/08/04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs – Defendants. Enter names (Last, First, Middle Initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Nature of Suit. Place an "X" in the appropriate box. If the nature of the suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of the suit. If the cause fits more than one nature of suit, select the most definitive.

V.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed form State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date remanded as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District (5) For cases transferred under Title 28 U.S.C., Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C., Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are pending cases, insert the docket numbers and the corresponding judge names for such cases. If filing a related case you must file the form entitled: Information Regarding Related Case(s) in this Court. Contact the Clerk's office for a copy of the form or see court's web site.

Date and Attorney Signature. Date and sign the civil cover sheet.