UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

SECURITIES & EXCHANGE COMMISSION,   §
                                    §
            Plaintiff,              §
versus                              §        CIVIL ACTION H-04-4291
                                    §
                                    §
OSF, et al.,                        §
                                    §
            Defendants.             §

# Findings of Fact and Conclusions of Law

Lloyd Broussard is the president OSF, Inc., a publically traded company. Broussard presided over the sale of OSF stock – at a 50% discount – to four affiliated companies. These companies then resold the stock to the public. OSF failed to register its stock offers with the Securities and Exchange Commission. While it *did* file for an exemption from registration, sales to affiliated companies at a discount for the purpose of resale do not qualify for the exemption.

Broussard insists that he relied on an accountant to handle the mechanics of the transactions – and that he, therefore, cannot be held responsible for illegalities. Exactly who this accountant was, or what he did, is unknown; Broussard failed to depose, or even identify the accountant other than as an excuse. Had Broussard produced evidence that he reasonably relied on a bona fide accountant, he might have had a defense.

Broussard issued, or presided over the issuance, of a series of false press releases designed to increase the stock's value. Like his failure to register the OSF stock, Broussard insists he is not responsible for the press releases. Not only did he not write the releases, he says, but he did not know the releases contained misleading statements. As president of OSF, Broussard may delegate duties – as Broussard apparently did on every single action of questionable legality – but not his responsibilities. Regardless, his assertions that he was not aware of what was happening in negotiations he conducted and in press statements about the company he ran, are simply unbelievable.

One press release described negotiations for a boxing match, but the boxer and the boxer's promoter denied having ever heard of OSF or Broussard.

Another described the 20% interest in United Medical Group for which OSF was

completing paperwork.  OSF apparently overlooked the fact that it lacked the $20 million necessary to purchase the interest.

In a third release, OSF said that it was acquiring a mining interest for natural gas in New Guinea worth $10 million.  It seems that certain details – like title to the property, its precise location, the size of the reserves and costs of extraction – should probably have been known before publically announcing the acquisition.

Though the first three releases give no indication, OSF was nominally a mortgage broker. In a fourth release, OSF published its financial data, including as "gross revenue" the value of the mortgages on the homes it placed. This artificially increased its apparent revenue, in violation of the Commission's reporting standards and accounting norms.

The misleading character of the releases was open and obvious to Broussard at the time they were made.  As president, Broussard is responsible for OSF's misleading press releases even if, as he says, he did not write them.  While some retractions were printed, they were released after the Commission began its investigation, and after it would have been helpful to owners of OSF securities.

Broussard agrees that he personally benefitted from the invalid sale of stock in the amount of $32,169.

Broussard violated Section 5 and 17(a) of the Securities Act of 1933, and Section 10(b) of the Securities Exchange Act of 1934.

Signed December 27, 2006, at Houston, Texas.

_____
Lynn N. Hughes     USDJ
United States District Judge